RECEIVED
CHARLOTTE, N.C.
JUL 29 2014
Clerk, U. S. Dist. Court
W. Dist. of N. C.

TARA HORTON,

    PLAINTIFF,

-V-

ENHANCED RECOVERY COMPANY, LLC.,

    DEFENDANT,

**TRIAL BY JURY DEMANDED**

CASE NO. 3:14 cv 414

### COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ('FCRA') NATURE AND CAUSE OF ACTION

1. Plaintiff, TARA HORTON, hereby files this complaint, individually against Defendant, Enhanced Recovery Company, LLC, (hereinafter "Enhanced") of its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*

### I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 28 U.S.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here; the Defendant transacts business here; and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action have been performed.

### II. PARTIES

5. Plaintiff, Tara Horton is a natural person residing in Charlotte, North Carolina and is a "consumer" as defined in FCRA 15 U.S.C. § 1681a(c).

6. Defendant ENHANCED is a "debt collector" as defined by 15 U.S.C. § 1681a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, and a "user of information"

as defined by 15 U.S.C. § 1681m with a principal place of business located at 9014 Bayberry Road, Jacksonville, FL 32256.

## III. GENERAL ALLEGATIONS

7. In March of 2014, Plaintiff obtained her Experian and Equifax credit reports and discovered that Defendant, who is unknown to her, had reported false and erroneous information to her personal credit file that did not belong to her.

8. In September of 2013, Plaintiff obtained her Transunion credit report and discovered that Enhanced, who is unknown to her, had reported false and erroneous information, that did not belong to her, onto her personal credit report.

9. In September of 2013, Plaintiff disputed the erroneous account with Transunion.

10. In September of 2013, Plaintiff attempted to rent a home using a realty company. However, the false and erroneous information on her credit report caused her damage in regards to being denied the rental.

11. In November of 2013 the negative account was deleted.

12. Plaintiff believes the deletion of the negative item indicates that the credit reporting agency could not verify the validity of the entry and therefore removed it.

12. In March of 2014, Plaintiff disputed the erroneous accounts with Experian and Equifax.

13. In April of 2014, Experian and Equifax removed the negative accounts from Plaintiff's credit reports.

14. On June 6, 2016, Plaintiff provided defendant with notice and the opportunity to clarify its position for the false and erroneous accounts being reported onto her credit reports.

15. Defendant has not responded to date.

16. Defendant provided Plaintiff with no prior notice that she owed an alleged debt.

## IV. COUNT 1
**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED RECOVERY COMPANY**

17. Paragraphs 1- 16 are re-alleged as though fully set out herein.

18. Transunion, Equifax and Experian are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

19. The "consumer credit report" is a consumer credit report (hereinafter "credit report") within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

20. All actions taken by Defendant were done willfully and with the knowledge that their actions would very likely harm Plaintiff.

21. All actions taken by Defendant were taken in violation of the FCRA by reporting false and erroneous information that did not belong to Plaintiff.

22. Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

23. Plaintiff invoked her private right of action against defendant by filing disputes with the three consumer reporting agencies arising under 15 U.S.C. 1681s-2(b).

24. Plaintiff believes Defendant's actions were willful because Defendant knew or should have known that Plaintiff did not have knowledge of the false information being reported by Defendant to the credit reporting agencies because Defendant provided Plaintiff with no such information.

25. Defendant's negligent and noncompliant acts appear to be in direct violation of 15 U.S.C. §1681(n) and 15 U.S.C. § 1681(o).

26. As a result of the Defendant's violations, Plaintiff demands judgment for actual and statutory damages, attorney fees, and any other and further costs against Defendant pursuant to 15 U.S.C.§1681(n).

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorney's fees and costs, and any other and further damages against Defendant the court deems sufficient.

## COUNT II – DEFAMATION

27. Plaintiff repeats and re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

28. Defendant caused to be published one or more written false entries which were intended to impeach Plaintiff's honesty, integrity, credit worthiness and/or reputation.

29. Plaintiff is not a public figure.

30. The negative entries imputed by Defendant to the public through the three major credit reporting agencies represents a slur on Plaintiff's character by Defendant, including her honesty, integrity, virtue, or reputation, and credit worthiness.

31. The defamatory reporting of false, negative and erroneous accounts resulted in damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and damages in an amount deemed at time of trial to be just, fair, and appropriate.

Dated: 7/26/2014

Respectfully submitted,

*Tara Horton* (signature)
Tara Horton
~~2022 Sunset Village Drive~~ 1732 Vantage Place
~~Charlotte, NC 28216~~ Charlotte, N.C. 28216